**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**GARY R. WILLIAMS**                                             **PLAINTIFF**

**V.**                          **CASE NO.: 1:12CV00078 KGB/BD**

**MICHAEL J. ASTRUE, Commissioner,**
**Social Security Administration**                               **DEFENDANT**


## RECOMMENDED DISPOSITION

**I.**      **Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to United

States District Judge Kristine G. Baker.  Any party may file written objections to this

Recommendation.

Objections must be specific and must include the factual or legal basis for the

objection.  An objection to a factual finding must identify the finding of fact believed to

be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the

United States District Court Clerk within fourteen (14) days of this Recommendation.  A

copy will be furnished to the opposing party.

If no objections are filed, Judge Baker can adopt this Recommendation without

independently reviewing all of the evidence in the record.  By not objecting, you may also

waive any right to appeal questions of fact.

Mail any objections to:

> Clerk, United State District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.   <u>Procedural History</u>

Plaintiff Gary R. Williams brought this action seeking review of the denial of his application for Social Security disability benefits.  (docket entry #2)  The Commissioner moved for a voluntary remand because significant portions of the hearing record were inaudible.  (#6)  This Court granted the motion and remanded this matter under "sentence six" of 42 U.S.C. § 405(g) for further administrative action.  (#7)

Mr. Williams has now moved for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  (#9)  The Commissioner responded and did not object to the request for attorney's fees.  (#10)  Nonetheless, Mr. Williams has not shown that he is entitled to an award of attorney's fees.  Accordingly, the motion for fees should be denied.  (#9)

## III.   <u>Analysis</u>

Under the EAJA, a prevailing social security claimant is generally entitled to an award of reasonable attorney's fees.  28 U.S.C. §§ 2412(b), 2412(d)(1)(A).  A claimant who obtains a favorable determination following a court's "sentence six" remand is a prevailing party under the EAJA.  See *Melkonyan v. Sullivan*, 501 U.S. 89, 102-103 (1991)  In "sentence six" cases, the filing period for EAJA attorney's fees does not begin

until the post-remand, administrative proceedings are complete and the parties return to court for entry of a final judgment.  *Id*.

In this case, Mr. Williams has not shown that he obtained a fully favorable administrative decision following the Court's "sentence six" remand.  Accordingly, he has not shown that he is a prevailing party entitled to an award of EAJA attorney's fees.

## IV.   Conclusion

Mr. Williams must obtain a favorable administrative decision to show he is a prevailing party.  He has not made the required showing.  Accordingly, his motion for attorney's fees (#9) should be DENIED.

DATED this 13th day of February, 2013.

_____
UNITED STATES MAGISTRATE JUDGE